# IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

*Hezikiah Lewis III,*

Plaintiff,

v.

*Palm Beach County Sheriff's Office,*
*Detective Dalton,*
*John/Jane Doe Supervisors,*
*Florida Department of Law Enforcement,*
*Federal Bureau of Investigation,*

FILED BY _____ D.C.

JUN 24 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Defendants.

Case No.: (To be assigned)

# COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

JURY TRIAL DEMANDED



## I. INTRODUCTION

1. Plaintiff, Hezikiah Lewis III, brings this action pro se under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, to redress violations of his Fourth and Fourteenth Amendment rights, including false arrest, false imprisonment, malicious prosecution, and deprivation of liberty without due process, stemming from a March 26, 2023 arrest based on knowingly false and incorrect information.

2. A judge subsequently found no probable cause for the charge, and the case was dropped. Nevertheless, Plaintiff endured unlawful detention, defamation, emotional trauma, and reputational damage due to the actions and omissions of the Defendants.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this is a civil action arising under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Palm Beach County, Florida.

## III. PARTIES

5. Plaintiff, Hezikiah Lewis III, is a resident of Palm Beach County, Florida, and was unlawfully arrested and charged on March 26, 2023.

6. Defendant Palm Beach County Sheriff's Office (PBSO) is a law enforcement agency responsible for the conduct of its deputies and officers, including those involved in Plaintiff's arrest.

7. Defendant Detective Dalton is an individual officer with PBSO who acted under color of law and falsely identified Plaintiff as a convicted felon in an arrest report.

8. Defendant John/Jane Doe Supervisors are individuals employed by PBSO who failed to correct or prevent the unlawful arrest despite knowledge or reckless disregard for the truth.

9. Defendant Florida Department of Law Enforcement (FDLE) is responsible for maintaining Florida's criminal history records and contributed to the dissemination of incorrect criminal data.

10. Defendant Federal Bureau of Investigation (FBI) manages NCIC data and contributed to or failed to correct false criminal data about Plaintiff.

## IV. FACTUAL ALLEGATIONS

11. On March 26, 2023, Plaintiff was arrested by PBSO on a charge of felon in possession of a firearm, despite having no felony convictions on his criminal record.

12. Detective Dalton falsely stated in his report that Plaintiff was a convicted felon based on NCIC/FCIC data.

13. Plaintiff immediately disputed the information and provided evidence of his clean record.

14. A judge found no probable cause for the arrest and charge, and the case was ultimately dismissed.

15. Despite this, PBSO, FDLE, and the FBI failed to promptly correct Plaintiff's records or issue any retraction or apology.

16. Plaintiff suffered unlawful detention, emotional distress, defamation, and reputational harm.

## V. CLAIMS FOR RELIEF

COUNT I: FALSE ARREST / FALSE IMPRISONMENT (42 U.S.C. § 1983)

17. Plaintiff realleges and incorporates paragraphs 1–16.

18. Defendants acted under color of law to unlawfully detain Plaintiff without probable cause in violation of the Fourth and Fourteenth Amendments.

19. As a direct result, Plaintiff suffered loss of liberty, distress, and humiliation.

COUNT II: MALICIOUS PROSECUTION (42 U.S.C. § 1983)

20. Plaintiff realleges paragraphs 1–16.

21. Defendants caused Plaintiff to be prosecuted based on false information, lacking probable cause and motivated by reckless disregard for the truth.

22. The case was terminated in Plaintiff's favor after a judicial finding of no probable cause.

COUNT III: DEPRIVATION OF DUE PROCESS / FABRICATED EVIDENCE

23. Plaintiff realleges paragraphs 1–16.

24. The use of incorrect and unverified data by law enforcement and failure to correct it constitutes a violation of Plaintiff's right to due process under the Fourteenth Amendment.

25. Defendants fabricated or allowed false criminal history data to be relied upon in criminal proceedings.

## VI. DAMAGES

26. Plaintiff seeks $2,500,000.00 in compensatory damages for emotional distress, reputational harm, unlawful detention, legal fees, and trauma.

27. Plaintiff also seeks punitive damages against individual defendants to deter future misconduct.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in Plaintiff's favor on all counts;

b. Award compensatory damages of $2,500,000.00;

c. Award punitive damages as permitted by law;

d. Order expungement or correction of all false criminal history data;

e. Award costs of litigation and any other relief deemed just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.


Respectfully submitted,

Hezikiah Lewis III

P.O. Box 2671

Belle Glade, FL 33430

Lilduke273@gmail.com

Pro Se Plaintiff

Date: 6-16-2025

Hezikiah Lewis
P.O. Box 2671
Belle Glade, Florida 33430

9589 0710 5270 0118 4420 41

Retail

U.S. POSTAGE PAID
FCM LG ENV
WILDWOOD, FL 34785
JUN 16, 2025

33401

$9.51

RDC 99

S2324W500700-11

INSPECTED

Clerk of Court – West Palm Beach Division
Paul G. Rogers Federal Building and
U.S. Courthouse
701 Clematis Street, Room 202
West Palm Beach, FL 33401